1  ADAM I. GAFNI, Cal. Bar No. 230045
2  BRENT P. MARLIS Cal. Bar No. 284654
   WOOLF GAFNI & FOWLER LLP
3  10850 Wilshire Blvd., Suite 510
4  Los Angeles, CA 90024
   Tel: (310) 474-8776
5  Fax: (310) 919-3037
6  E-mail: adam.gafni@wgfllp.com

7  Attorneys for Plaintiff, DAVID OPPENHEIMER

FILED
CLERK, U.S. DISTRICT COURT
JUL 1 8 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OPPENHEIMER,<br><br>Plaintiff,<br><br>v.<br><br>WOVEN DIGITAL, LLC dba www.brobible.com; DOES 1 through 10<br><br>Defendants. | Case No.:<br>CV14-5607 MWF-JEM<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL |

Plaintiff David Oppenheimer ("Plaintiff" or "Mr. Oppenheimer"), by and through his attorneys of record, allege against Woven Digital, LLC dba www.brobible.com (hereinafter "Woven Digital"); and DOES 1 through 10 as follows:

### I.
### THE PARTIES

1. Plaintiff is a world-acclaimed and sought-after photographer in the entertainment industry who specializes in concert photography of well-known musicians and bands. Many of Plaintiff's images, including the one

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

at issue in this action, are of iconic musicians and/or other public figures, including but not limited to Paul McCartney, The Police, Bob Dylan, Stevie Wonder, Sir Elton John, Eric Clapton, Tom Petty and the Heartbreakers, Dave Matthews Band, Willie Nelson, B.B. King, Kenny Rogers, Lauryn Hill, Jack Johnson, Kings of Leon, The Shins, Steve Miller Band, Jay-Z, The Beastie Boys, Bruce Springsteen, Colin Hay, Mark Boyce, The Allman Brothers Band, David Crosby and Graham Nash, Al Green, David Byrne, Michael Franti, Thievery Corporation, Metallica, Cypress Hill, The Smashing Pumpkins, The Flaming Lips, Ice Cube, Wu-Tang Clan, Public Enemy, Snoop Dogg & Warren G, G. Love & Special Sauce, The Black Crowes, Steel Pulse, Beck, Phish, The Dead, Jurassic 5, Ozomatli, Matisyahu, Ani DiFranco, the Yeah Yeah Yeahs, and President Bill Clinton and Congressman Heath Shuler at the Democratic Rally Pack Square Park, Downtown Asheville.

2. Plaintiff has worked onstage at some of the largest music events in the United States, including but not limited to Bonnaroo Music Festival, The Dead at Madison Square Garden; Phish in Asheville, Knoxville and at Bonnaroo; the Langerado Music Festival, the Bele Chere Festivals, the past nine (9) Warren Haynes Xmas Jams, and the All Good Music Festivals.

3. Plaintiff's photographs have been featured in magazines and other media outlets, such as Rolling Stone, MSNBC, FUSE, MTV, AOL, and TIME.

4. Plaintiff's photographs are copyrighted images to which he owns all rights and title. Plaintiff registers most of his photographs as unpublished works, which are then subsequently published. Plaintiff offers his photographs (including the photograph at issue in this case) for licensed use via his website www.performanceimpressions.com and ensures that each

2

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

photographs is affixed with a clear watermark containing a copyright symbol ©, the year it was created, and his name David Oppenheimer, in order to protect his copyrights.

5. Plaintiff is informed and believes and based thereon alleges that Defendant Woven Digital, LLC is a limited liability company registered to do business in California with its principal place of business in Culver City, California.

6. Plaintiff does not presently know the true names and capacities of the Defendants named as DOES 1 through 10 and therefore sues such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known Defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe Defendants and the known Defendants are referred to collectively as "Defendants."

7. Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiff is informed and believes that at some unknown time, the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein.

3

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## II.
## JURISDICTION AND VENUE

8. Plaintiff incorporates by reference paragraphs 1-7 above as if fully set forth herein.

9. This action arises under the provision of the Copyright Act of the United States, as amended, 17 U.S.C § 101 *et seq.* and 17 U.S.C § 501 *et seq.*, and is for infringement of copyrights registered with the Copyright Office of the United States.

10. *Subject Matter Jurisdiction.* This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and § 1338(a).

11. *Venue.* Venue is proper in this district under 28 U.S.C § 1391(b) and (c) and 28 U.S.C. § 1400.

12. *Personal Jurisdiction.* Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because for years and continuing to the date of this Complaint Defendants operate commercial businesses headquartered within this judicial district and/or through which Defendants knowingly, systematically, and continuously transact business and enter into contracts on an ongoing basis with and provide services to individuals or companies in California, including within this judicial district.

## III.
## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference paragraphs 1-12 above as if fully set forth herein.

4
COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

14. Plaintiff David Oppenheimer ("Mr. Oppenheimer") is a professional photographer.

15. Plaintiff is informed and believes that Defendant Woven Digital, LLC is a limited liability company that operates a lifestyle and entertainment based website, magazine, and blog.

16. Plaintiff is informed and believes that Defendant Woven Digital manages and controls a commercial website at www.brobible.com where Defendant sells apparel and displays pictures and articles relating to its lifestyle and entertainment-themed brand.

17. Plaintiff is informed and believes that Defendant also manages and controls a commercial webpage at www.facebook.com/BroBible, to advertise and promote its website and to encourage users of their Facebook.com commercial web pages to navigate to their commercial website, or click on a provided hyperlink to be directly routed to their commercial website.

18. The photographic work at issue in this case (the "Photograph") is an original work entitled to copyright protection pursuant to the copyright laws of the United States and is duly registered with the United States Copyright Office.

19. The Photograph was created by photographer David Oppenheimer, who owns the copyright to the work. Specifically, the copyright number and name is as follows:

(1) Reg. No. VA-1-709-923, BASSNECTAR PHOTOS – LORIN ASHTON AT ALL GOOD FESTIVAL

20. The Photograph was not a "work for hire."

21. Plaintiff has incurred substantial time and expense in creating the Photograph.

22. Within the last three years, Plaintiff discovered that Defendants unlawfully

5

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

copied, displayed, and distributed his registered Photograph without a license on their commercial websites to advertise their services.

23. Plaintiff is informed and believes that Defendants used the Photograph after the Photograph had been registered by the United States Copyright Office.

24. Defendant copied, displayed, published, and distributed the Photograph on www.brobible.com and/or other sites. An example of Defendant's infringing use is attached hereto as Exhibit 1.

25. The Photograph was used by Defendants without obtaining a license or consent from Plaintiff violating his exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 106 and 501.

26. The Photograph's copyright management information is included on the Photograph where the Photograph legitimately appears. The copyright management information has been edited or omitted from the images used on www.brobible.com.

27. Plaintiff is informed and believes that Defendants acted willfully and/or in reckless disregard of Plaintiff's copyright of the Photograph.

## IV.

## COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. §§ 106 and 501

28. Plaintiff incorporates by reference paragraphs 1-27 above as if fully set forth herein.

29. Plaintiff owns all rights, titles, and interest in and to the copyright for the Photograph, the use of which has not been licensed to Defendant.

30. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. section 101 et seq. and 501 et seq. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, inter alia, to reproduce, distribute and

publicly display the Photograph.

31. Defendant has misappropriated Plaintiff's copyright through the copying, display, publication, and distribution of the Photograph on its commercial web page www.brobible.com and/or other sites.

32. Defendant misappropriated Plaintiff's copyright in the Photograph with knowledge that the Photograph at issue did not belong to Defendant and that Defendant did not have the right or license to engage in the infringing activity alleged herein. Defendant thereby willfully engaged in unauthorized use, copyright, distribution, and/or display of Plaintiff's copyrighted Photograph. Defendant's acts constitute willful copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

33. Defendant's willful infringement has caused irreparable damages to Plaintiff for which he has no adequate remedy of law.

34. Defendant's unlawful use of copies of Plaintiff's original Photograph has diminished the value of the original Photograph by distributing and encouraging redistribution of the Photograph without identifying the Photograph as being the exclusive property of Plaintiff.

35. Defendant's unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original Photograph, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

36. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiffs for which they have no adequate remedy of law.

37. Defendants, by their unauthorized appropriation and use of Plaintiff's

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

original Photograph, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original Photograph.

38. Because Defendants used Plaintiff's copyrighted Photograph without license, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publication and any improperly acquired likeness or images (however stored or recorded) impounded with this action is pending.

39. Within the last three years, Plaintiff discovered that Defendant, without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photograph, (2) distributed, made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Photograph, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photograph in the manner described above.

40. Plaintiff is informed and believes that Defendants acted willfully and with actual knowledge that they were infringing Plaintiff's copyrights or with reckless disregard for the high probability that they were infringing the Plaintiff's copyrights.

41. Defendant's conduct constitutes direct infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. sections 106 et seq. and 501 et seq.

42. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged, and Plaintiff is entitled to relief, including but not limited to

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

injunctive relief, actual and/or statutory damages, profits of Defendants, statutory costs and attorneys' fees and pre-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For Plaintiff's actual damages.

2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct.

3. For maximum statutory damages under the Copyright Act.

4. For prejudgment interest.

5. For attorneys' fees and costs.

6. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

   a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

   b. the seizure of all property made in, or used to assist in the, violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photograph, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photograph.

9

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

7. For such other and further relief as this Court deems just and appropriate.

Dated: July 18, 2014                    WOOLF GAFNI & FOWLER LLP


                                        By: /s/ Adam I. Gafni
                                        Adam I. Gafni
                                        Attorney For Plaintiff
                                        DAVID OPPENHEIMER

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 18, 2014                    WOOLF GAFNI & FOWLER LLP


By: /s/ Adam I. Gafni
Adam I. Gafni
Attorneys For Plaintiff
DAVID OPPENHEIMER

EXHIBIT 1

Woven Digital, LLC                                                                 April 29, 2014



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

DAVID OPPENHEIMER

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

WOVEN DIGITAL, LLC dba www.brobible.com; DOES 1 through 10

**(b) County of Residence of First Listed Plaintiff**  Buncombe County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**  LA COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
ADAM I. GAFNI, ESQ.
WOOLF GAFNI & FOWLER LLP
10850 Wilshire Blvd., Suite 510, Los Angeles, CA 90024
310-474-8776

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 150,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C § 101 AND §501-Copyright Infringement

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

CV14-5607

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (06/14)                             CIVIL COVER SHEET                             Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right  ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question B.2. |
|---|---|---|
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right  ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right  ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question C.2. |
|---|---|---|
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right  ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes  ☐ No | ☐ Yes  ☐ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right.  ➡ | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below.  ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above:  ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

UNITED STA... DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed in this court?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** /S/ ADAM I. GAFNI            DATE: JULY 18, 2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |